IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD GREENE,

        Plaintiff,  :  Case No. 3:16-cv-46

v.  :  JUDGE WALTER H. RICE

NANCY A. BERRYHILL,  :  MAGISTRATE JUDGE
    SHARON L. OVINGTON
Acting Commissioner of the  :
Social Security Administration,
  :
        Defendant.

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #15); OBJECTIONS OF PLAINTIFF RONALD GREENE TO SAID JUDICIAL FILING (DOC. #16) ARE SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

Plaintiff Ronald Greene ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On February 1, 2017, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #15, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS IN PART AND REJECTS IN PART the Report and Recommendations, Doc. #15, and SUSTAINS IN PART AND OVERRULES IN PART Plaintiff's Objections, Doc. #16, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the case, pursuant to sentence four of 42 U.S.C. §405(g), to the Commissioner for further proceedings consistent with this opinion.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401,

91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Magistrate Judge concluded that the ALJ's partial rejection of Dr. Suzann Franer's opinion was supported by substantial evidence. Doc. #15, PAGEID #619-20. The Court agrees; contrary to Plaintiff's argument, Doc. #16, PAGEID #632-33, the ALJ's partial rejection was not substituting her own judgment for that of medical sources. Rather, she discounted Dr. Franer's responses because they included "no limitations in the claimant's ability to see, which is directly contradicted by this record," and "she did not limit the claimant's ability to finger or feel objects despite mild residual motor weakness." Doc. #6, PAGEID #92. While the ALJ also noted that Dr. Franer "included several limitations not supported by the evidentiary record[,]" *id.*, the ALJ discounted her opinion, in part, because it was not sufficiently generous to Plaintiff. As the ALJ's weighing of Dr. Franer's opinion did not prejudice Plaintiff, the Court adopts the Report and Recommendations as to this opinion, and on remand, the ALJ need not re-evaluate that opinion.

2. The ALJ's conclusion that "Dr. [David] Magnusen's opinion is entitled to significant weight, but only to the extent that those limitations are consistent with the above-described residual functional capacity [('RFC'),]" Doc. #6, PAGEID #92, suggests that she first formulated Plaintiff's RFC and then evaluated Dr. Magnusen's treating opinion against it—a "cart before the horse" approach that would constitute reversible error. Doc. #15, PAGED #621. However, as noted by the Magistrate Judge, *id.*, that

was not the approach taken by the ALJ; rather, a closer reading of the opinion demonstrates that the she evaluated Dr. Magnusen's opinion against his treatment records, and incorporated his opined limitations that were supported by the records into the RFC. See Doc. #6, PAGEID #86-87, 92 (incorporating lifting and carrying restrictions for Plaintiff's left arm into the RFC because such limitations were supported by examination results, but not incorporating such restrictions for his right arm because treatment records with Dr. Mangusen did not suggest they were necessary). As supportability is one of the factors to be considered when assessing the weight to be accorded a medical opinion, 20 C.F.R. § 404.1527(c)(3), the ALJ's assessment of Dr. Magnusen's opinion was not error. Thus, the Court adopts the Report and Recommendations with respect to that opinion, and on remand, the ALJ need not re-assess it.

3. The ALJ granted "some weight" to the Commissioner's record reviewing physicians, Doc. #6, PAGEID #90, while discounting the opinions of all treating sources, in whole or in part. In the Report and Recommendations, the Magistrate Judge concluded that the ALJ's relative weighing of the opinions was supported by substantial evidence because those reviewing physicians, unlike the treating physicians, "at least acknowledge[d the] existence" of Plaintiff's left-eye blindness. Doc. #15, PAGEID #621. However, the reviewing physicians, Drs. Esberdado Villanueva and Gary Hinzman, made their RFC evaluations on February 16, 2013, and May 21, 2013, respectively. Id., PAGEID #146, 160. As Plaintiff notes in his Objections, Drs. Villanueva and Hinzman "did not even review the material evidence in the record, including the worsening of

Greene's condition necessitating surgery in November 2013; . . . or the treatment notes of Dr. [James] Beegan, which show that Greene continued to demonstrate decreased UE, grip, and pinch strength[,] as well as pain in [his] neck and shoulder well into 2014. " Doc. #16, PAGEID #633 (internal quotation marks and citation omitted). The reviewing physicians must evaluate the more recent evidence before those opinions can be substantial evidence upon which the ALJ may base her finding of non-disability. Consequently, the ALJ's opinion is not supported by substantial evidence, and the case must be remanded, under sentence four of 42 U.S.C. § 405(g), so that the reviewing physicians can evaluate that more recent evidence.

Further, the ALJ extensively evaluated the opinions of Drs. Franer and Magnusen, Doc. #6, PAGEID #91-92, yet the ALJ's justification for giving some weight to the reviewing physicians' opinions was limited to the conclusory statement that "they are generally consistent with the medical evidence of record." *Id.*, PAGEID #90. Thus, it appears from the ALJ's decision that, contrary to the Magistrate Judge's conclusion, Doc. #15, PAGEID #620, the ALJ conducted a more rigorous analysis of treating sources versus non-treating sources. Her doing so is in contravention of the Commissioner's own rules and regulations, which require "progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Soc. Sec. R. 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996) (citing 20 C.F.R. §§ 404.1527, 416.927). The ALJ's failure to follow those rules and regulations is grounds for remand. *Cole v. Astrue*, 661 F.3d 931, 939-40 (6th Cir. 2011).

4. As discussed above, portions of the opinions of Drs. Franer and Magnusen adopted by the ALJ provide at least some evidence supporting a finding of non-disability. Moreover, the evidence supporting a finding of disability is not overwhelming. Thus, the Court must remand the captioned cause to the Commissioner for further proceedings, rather than for an immediate award of benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court ADOPTS IN PART AND REJECTS IN PART the Report and Recommendations of the Magistrate Judge, Doc. #15. Plaintiff's Objections to said judicial filing, Doc. #16, are SUSTAINED IN PART AND OVERRULED IN PART. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 10, 2017

                                                    WALTER H. RICE, JUDGE
                                                    UNITED STATES DISTRICT COURT